UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LORI BREVES,

    Plaintiff,

vs.

COMMUNITY MEDICAL CARE,

    Defendant.
-----------------------------------------------------------x

**COMPLAINT**

07 CIV. 8228

JUDGE ROBINSON

By her attorney, Michael H. Sussman, plaintiff hereby complains as follows against defendant:

**PARTIES**

1. Plaintiff, Lori Breves, is an adult female who resides in Milford, Pennsylvania.

2. Defendant Community Medical Care does business within the State of New York and is covered by the Family and Medical Leave Act ["FMLA"], 29 U.S.C. secs. 2601, et seq.

**JURISDICTION**

3. As plaintiff alleges that defendant violated the FMLA, this Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 1343 (3) and (4) and 42 U.S.C. sec. 1988.

**FACTUAL ALLEGATIONS**

4. Plaintiff commenced employment as a medical biller for defendant in or about November 14, 2005.

5. Plaintiff well performed her duties.

6. In or about January 2007, due to her husband's illness, plaintiff sought and was

granted Family and Medical Leave for thirty days.

    7. Upon the expiration of this leave, plaintiff returned to work.

    8. On May 4, 2007, defendant terminated plaintiff's employment.

    9. Defendant's agent advised plaintiff that she was being terminated because she mishandled money intake and batches contrary to company policy.

    10. In fact, before plaintiff's termination, defendant had no batch deposit and money management policy.

    11. Accordingly, plaintiff never violated any such policy.

    12. Instead, following the company practice, before leaving for vacation, plaintiff left a batch deposit in her desk for another worker who apparently failed to execute the deposit in a timely manner.

    13. Nearly one month after this incident, the worker for whom plaintiff left the deposit inquired as to its status.

    14. Plaintiff explained that she had left the deposit for her successor, "Misty", as deposits were not made every day..

    15. Plaintiff's conduct did not violate any company practice or policy of which plaintiff had ever been advised.

    16. Terminating plaintiff for violating a non-extant policy was pretext for defendant's hostility toward plaintiff for taking FMLA leave.

    17. This termination culminated four write-ups which defendant provided to plaintiff commencing with one the day she returned from FMLA leave, February 13, 2007.

    18. Several of these write-ups were entirely false and demonstrated the hostility which

animated plaintiff's termination.

19. On account of her termination, plaintiff has suffered pecuniary and non-pecuniary losses.

### **CAUSES OF ACTION**

20. Plaintiff incorporates paras. 1-19 as if fully re-written herein.

21. By terminating plaintiff in retaliation for her having taken FMLA leave, defendant violated 29 U.S.C. sec.2605(a)(1).

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

a) accept jurisdiction over this Complaint;

b) award to plaintiff, as appropriate, the remedies permitted by 29 U.S.C. sec. 2607(a)(1)(A) & (B);

c) award to plaintiff's counsel the reasonable attorneys fees and costs provided by 29 U.S.C. sec. 2607(a)(3) and

d) enter any other order in the interests of equity.

> Respectfully submitted,
>
> MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: SEPTEMBER 14, 2007