UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LORI BREVES**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**COMMUNITY MEDICAL CARE**<br><br>                    **Defendant.** | **NO. 07-CIV-8228**<br><br>**(Judge Robinson)** |

### DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant Bon Secours Community Hospital (hereinafter referred to as "Defendant"), designated incorrectly as Community Medical Care, hereby files its Answer with Affirmative Defenses to the Complaint of Plaintiff Lori Breves (hereinafter referred to as "Plaintiff"), and in support thereof, states as follows:

**PARTIES**

1.    Admitted in part; denied in part.  It is admitted only that the Plaintiff in this matter is Lori Breves, and that Plaintiff is an adult individual.  After a reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint and, accordingly, such allegations are deemed denied.

2.    Admitted in part; denied in part.  It is admitted that Community Medical Care has been named as a Defendant in this matter.  Defendant denies, however, that Community Medical Care is the proper Defendant in this matter, as Plaintiff's sole employer was Bon Secours

Community Hospital.  The remaining allegations are conclusions of law to which no response is required, and which are deemed denied.

### JURISDICTION

3. Admitted.

### FACTUAL ALLEGATIONS

4. Admitted in part denied in part.  It is admitted only that Plaintiff began employment with Defendant on or about November 14, 2005.  The allegation that Plaintiff's title was "medical biller" is denied.  By way of further answer, Plaintiff's title at the time of her hire was "Business Office Coordinator."

5. Denied.  The averments set forth in the corresponding paragraph of the Complaint are vague, ambiguous and incomprehensible, rendering these allegations unanswerable.  Consequently, Defendant lacks information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, these averments are denied.

6. Admitted in part denied in part.  It is admitted only that, on or about January 16, 2007, Plaintiff sought and was granted a leave of absence pursuant to the FMLA.  It is further admitted that, according to the Plaintiff, said leave of absence was related to her husband's illness.  It is denied that Plaintiff's FMLA leave was "for thirty days."  By way of further answer, at the time Plaintiff sought and was granted a leave of absence, her return to work date was undetermined.

7. Admitted in part; denied in part. Plaintiff's use of the phrase "expiration of this leave" is vague and ambiguous in the context of the specific allegations and, accordingly, Defendant is unable to respond to these allegations. To the extent these allegations are comprehensible, and hence answerable, it is admitted only that, on or about February 12, 2007, Plaintiff returned to work.

8. Admitted.

9. Denied as stated. Plaintiff was advised that her employment was terminated as the final step of the corrective action process. Discipline for Plaintiff's failure to turn in a batch of collections for deposit was the final event in that corrective action process. By way of further answer, Plaintiff's allegation that the individual who allegedly advised Plaintiff of the reason for her termination was "Defendant's agent" is a conclusion of law to which no response is required.

10. Admitted in part; denied in part. It is admitted only that no written policy exists regarding the handling of deposits. However, it was the policy and practice that employees of Defendant were to perform their duties responsibly and to act in the best interests of Defendant.

11. Denied. By way of further answer, see Defendant's response to paragraph 10.

12. Denied. After a reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that she left the batch deposit in her desk, or as to why the deposit was not executed in a timely manner and, accordingly, such allegations are deemed denied. Plaintiff's allegations that she left the batch deposit in her desk pursuant to "company practice" are denied.

13. Denied. Plaintiff's use of the phrase "the worker for whom Plaintiff left the deposit" is vague and ambiguous in the context of the specific allegations and, accordingly, Defendant is unable to respond to these allegations. To the extent these allegations are comprehensible, and hence answerable, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint and, accordingly, such allegations are deemed denied.

14. Admitted in part; denied in part. The averments set forth in the corresponding paragraph of the Complaint are vague, ambiguous and incomprehensible, rendering these allegations unanswerable. Consequently, Defendant lacks information sufficient to form a belief as to the truth of these allegations. To the extent a response is deemed necessary, it is denied that Plaintiff claimed to have "left the deposit for her successor, 'Misty', as deposits were not made every day."

15. Denied.

16. Denied.

17. Denied as stated. Plaintiff's deficient work performance resulted in verbal counseling on or about June 2, 2006, throughout July – August, 2006, and again on or about January 8, 2007. In addition, Plaintiff received a written warning on or about February 13, 2007. On or about March 27, 2007, Plaintiff received additional verbal counseling. On or about April 13, 2007, Defendant called Plaintiff to a formal meeting at which Defendants' policies and procedures were reviewed. Plaintiff was issued a final written warning on or about April 18, 2007. To the extent this allegation implies that Plaintiff disciplinary actions were in any way related to or caused by her FMLA leave, the allegations are denied.

18.   Denied.

19.   Denied.  After a reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that Plaintiff "suffered pecuniary and non-pecuniary losses."  Accordingly, the allegations are deemed denied.

### CAUSES OF ACTION

20.   Defendant hereby incorporates its responses to the preceding paragraphs as though fully set forth herein.

21.   Denied.  The averments set forth in the corresponding paragraph of the Complaint are conclusions of law to which no response is required, and which are deemed denied.  To the extent a response is deemed necessary, these averments are denied.  By way of further answer, the allegations that Defendant retaliated against Plaintiff on account of "her having taken FMLA leave" are denied.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Bon Secours Community Hospital respectfully asks that this Honorable Court enter judgment dismissing the Complaint of Plaintiff Lori Breves with prejudice, and further that this Honorable Court grant Defendant an award of costs and attorneys' fees and grant such other relief as may be just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

At all material times, any actions taken by Defendant with respect to the terms, conditions or privileges of Plaintiff's employment were taken for legitimate, non-discriminatory reasons.

## THIRD AFFIRMATIVE DEFENSE

Defendant acted in good faith in discharging Plaintiff and Defendant had reasonable grounds for believing that discharging Plaintiff was not a violation of the Family and Medical Leave Act.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

No action or inaction of Defendant caused Plaintiff harm at any time.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute(s) of limitations and/or any other applicable limitations period.

WHEREFORE, Defendant Bon Secours Community Hospital, designated incorrectly as Community Medical Care, respectfully requests judgment in its favor and against Plaintiff Lori Breves and that it be awarded costs and attorneys' fees incurred in the defense of this action.

                Respectfully submitted,

Dated: 11/5/07

/s/ Ellen Fisher (#EF 6893)
JAMES STEINBERG, ESQUIRE
ELLEN FISCHER, ESQUIRE
Steinberg & Symer, L.L.P.
27 Garden Street
Poughkeepsie, NY  12601
845-471-4455
845-471-8065 (fax)

SIDNEY R. STEINBERG, ESQUIRE
DARREN M. CREASY, ESQUIRE
Post & Schell, P.C.
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
215-587-1140/1091 (telephone)
215-587-1444 (facsimile)

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer with Affirmative Defenses has been served this day via First-Class mail to the following person(s):

**Michael H. Sussman, Esquire**
**Sussman & Watkins**
**P.O. Box 1005**
**Goshen, NY  10924**
**845-294-3991**

(Attorney for Plaintiff)


Dated: November 5, 2007          By:    /s/ Darren M. Creasy
                                        Darren M. Creasy, Esquire